

**Nicolson LAW GROUP**

**Kyle G. Everly, Esquire**
Direct Dial: 610.480.6122
everly@nicolsonlawgroup.com

January 27, 2021

<u>Via E-Filing</u>
The Honorable Renee Marie Bumb
United States District Court for the
District of New Jersey
Mitchell H. Cohen Building &
U.S. Courthouse
4th & Cooper Streets
Camden, NJ  08101

   **RE:** ***Leah Ala v. Chick-fil-A, Inc., et al***
      <u>Docket No. Civil No. 20-16064 (RMB/JS)</u>

Dear Judge Bumb:

  This office represents Defendants, Chick-fil-A, Inc. (hereinafter "CFA, Inc."), in the above-referenced matter.  On January 20, 2021, Plaintiff submitted a letter to Your Honor, in accordance with this Court's January 14, 2021 Order to Show Cause, addressing the issue of whether Plaintiff's alleged damages meet the amount in controversy threshold for diversity jurisdiction.

  CFA, Inc. respectfully submits this concise response, intending to primarily address Plaintiff's misleading inference that this matter was somehow untimely removed.

  18 U.S.C. § 1332(a) sets forth that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States."  Moreover, 28 U.S.C. § 1446(3), setting forth the procedures for removal of civil actions, states "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

  In his recent January 20th letter, Plaintiff's counsel baselessly criticizes CFA, Inc.'s removal of this matter, and seems surprised that same was not initiated until Plaintiff submitted a $500,000 statement of damages.  However, this was precisely the proper procedure for removal of this matter.  This case was not initially removable based solely upon the limited information set forth in Plaintiff's Complaint.  That pleading did not set forth any specific information about Plaintiff's alleged injuries or damages at issue.  Plaintiff merely pleaded in a general and boilerplate manner

Nicolson Law Group LLC
Rose Tree Corporate Center II  1400 N. Providence Road  Suite 6035  Media, PA 19063  P. 610.891.0300  F. 610.891.0333
Princeton Forrestal Village  116 Village Blvd.  Suite 200  Princeton, NJ 08540  P. 609.919.0057  F. 609.520.1702  nicolsonlawgroup.com

The Honorable Renee Marie Bumb
Page 2
January 27, 2021

that she "was caused to sustain serious injuries of a temporary and permanent nature, was caused pain and suffering, incurred medical expenses in an attempt to cure her injuries, has been unable to perform her normal daily activities, incurred lost wages, and was otherwise injured and damaged." *See* Plaintiff's Complaint (Doc No. 1-2), at First Count, ¶ 5. It was not until receipt of Plaintiff's Statement of Damages on October 20, 2020 that the amount claimed to be in controversy was confirmed to exceed the $75,000 threshold for diversity jurisdiction. In compliance with 28 U.S.C. § 1446(3), CFA, Inc. filed the Notice of Removal on November 13, 2020, within thirty (30) days of receipt of the Statement of Damages, thereby properly and timely removing this matter.

Plaintiff erroneously suggests that CFA, Inc. instead should have simply removed upon receipt of the Complaint and averred upon information and belief that the amount in controversy exceeded $75,000. Plaintiff's counsel provides no statutory or common law basis for this assertion, but rather implies that this is simply his past experience.

However, Plaintiff's counsel's assertion is not fully informed. The standard that has been applied throughout the courts of the Third Circuit is that "…defendant must prove by a preponderance of the evidence that the federal jurisdictional threshold has been satisfied." *Heffner v. LifeStar Response of New Jersey, Inc.*, No. 13-194, 2013 WK 5416164 at n. 19 (E.D. Pa. Sept. 27, 2013). It would have been procedurally improper for CFA, Inc. to merely speculate about the scope of Plaintiff's damages based upon the bald and general allegations of the Complaint. Given the bareboned nature of the Complaint, to successfully remove upon that pleading alone would have suggested that any personal injury negligence can and should be removed based upon the initial pleading, which runs contra to 28 U.S.C. § 1446(3), and the case law makes clear is not correct. *Cf. Martin. v. Wal-Mart Stores, Inc.*¸709 F. Supp. 2d 345, 350 (D.N.J. 2010) ("The Court should not be rendered powerless to question whether virtually any simple negligence claim satisfies the amount-in-controversy requirement just because a plaintiff's mere assertion of injury creates some possibility that his recovery might exceed the jurisdictional minimum.")

This matter was properly and timely removed, within thirty (30) days of CFA, Inc.'s receipt of a document – Plaintiff's Statement of Damages – providing first indication that the amount in controversy exceeded the $75,000 jurisdictional threshold.

As to the remainder of Plaintiff's January 20th submission, CFA, Inc. certainly disputes the scope of the damages alleged and the attempted quantification of same. However, to the extent that Plaintiff maintains that the damages exceed $75,000, CFA, Inc. respectfully submits that this Court has subject matter jurisdiction of this action and there is no legal basis to remand to state court. If Plaintiff stipulates and agrees that she will not seek to recover damages in excess of $75,000, CFA, Inc. will agree to remand the case. However, without such a stipulation, CFA, Inc. opposes any effort by Plaintiff to seek remand.

For the aforementioned reasons, it is respectfully requested that absent any stipulation capping the damages at issue to $74,999, this case should remain venued in the United States District Court for the District of New Jersey.

Thank you for Your Honor's consideration.

The Honorable Renee Marie Bumb
Page 3
January 27, 2021

---

                Respectfully,

                *Kyle Everly*

                Kyle Everly

KGE/
cc:    All counsel of record, via E-courts